IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**PATRICK RAY MARTIN**                                                                                      **PLAINTIFF**
Reg. #41528-424

V.                       NO. 2:22-cv-00122-KGB-ERE

**J. ABDULLAH,** *et al.*                                                                                   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.    Discussion:**

  A.     Background

Plaintiff Patrick Ray Martin, a federal inmate at FCI-Forrest City, filed this federal civil rights case under *Bivens v. Six Unknown Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971).[1] *Doc.1.* Originally, Mr. Martin filed a 28-page complaint with 106 pages of attachments. *Doc. 1*. The complaint included multiple unrelated claims that occurred over a span of nearly five years.[2] Because Mr. Martin's complaint was flawed, the Court postponed the screening process required by the Prison Litigation Reform Act ("PLRA")[3] and provided Mr. Martin an opportunity to file an amended complaint (*Doc. 5*). See 28 U.S.C. § 1915A(a). Mr. Martin has now filed an amended complaint. *Doc. 6.*

---

[1] A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights. *Buford v. Runyon*, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998).

[2] Mr. Martin alleged that: (1) on September 30, 2017, Defendant James Pruett sexually assaulted him; (2) Defendants Medina, Odom, and Cissell violated his due process rights by threatening to "lock up" his property if he filed a complaint under the Prison Rape Elimination Act regarding Defendant Pruett's conduct; (3) Defendant Chatters violated his due process rights by finding him guilty of disciplinary charges without allowing Mr. Martin to defend himself; (4) Defendant Halk violated his due process rights by intentionally falsifying medical records; (5) in March 2019, Defendant Chatters retaliated against him for filing a previous federal civil rights lawsuit; (6) Defendants Curiel, Bass, and Abdullah violated his due process by losing each PREA complaint that he attempted to file from 2017 until September 2020; (7) Defendant Blair violated his right to be free from cruel and unusual punishment by "lying to a tort claim federal investigator" (*Doc. 1 at 24*); (8) in March 2019, Defendants Andrews, Odom, and Marr were deliberately indifferent to his safety by failing to provide him a lower bunk pass; (9) Defendant Conners retaliated against him; and (10) in 2018, staff transferred him to FCI-Medium in retaliation for him exercising his First Amendment rights.

[3] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In his amended complaint, which supersedes the original complaint,[4] Mr. Martin brings proposed claims for relief against Defendants Pruett, Medina, Cissell, Curiel, Bass, and Abdullah. For the reasons stated below, Mr. Martin's amended complaint should be dismissed for failure to state a plausible constitutional claim for relief.

B.   Factual History

On September 30, 2017, Mr. Martin alleges that Defendant Pruett sexually assaulted him. Immediately following the incident, Defendant Medina allegedly retaliated against him by refusing to accept Mr. Martin's Prison Rape Elimination Act ("PREA") complaint and threatened to "lock [him] up" if he filed the complaint. *Doc. 6 at 4*.

On October 5, 2017, Mr. Martin met with Defendant Cissell to inquire about filing a PREA complaint. He alleges that Defendant Cissell also retaliated against him by refusing to accept his PREA complaint and threatened to "lock [him] up" if he filed the complaint at issue. *Id. at 5*.

---

[4] The Court specifically advised Mr. Martin that, if he filed an amended complaint, it would replace his original complaint. *Doc. 5 at 4*. See *In re Atlas Lines, Inc.* 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). Thus Mr. Martin has abandoned his claims against Lieutenant Andrews, Property Officer Benson, Unit Manage Blair, Nurse Halk, Lieutenant Marr, Disciplinary Hearing Officer Chatters, Case Manager White, Warden Beasley, Lieutenant Odom, or Lieutenant Williams as Defendants.

On November 23, 2018, Mr. Martin filed a lawsuit raising these claims in this Court. See *Martin v. Pruett, et al.*, Case No. 2:18-cv-161 KGB (E.D. Ark. Nov. 23, 2018) ("*Martin I*"). On October 24, 2019, Judge Baker dismissed Mr. Martin's claims based on his failure to exhaust his administrative remedies. See *Martin I*, *Doc. 51*.

Following Judge Baker's dismissal of Mr. Martin's lawsuit, he attempted to file a new PREA complaint. He complains that several of those complaints were lost or never received. Mr. Martin alleges that Defendants Curiel, Bass, and Abdullah "thwart[ed]" his attempts to file a PREA complaint regarding Defendant Pruett's conduct. *Doc. 6 at 7*.

C. Defendants Pruett, Medina, and Cissell

The court may *sua sponte* dismiss a prisoner's *pro se* claim as time-barred where the time-bar is apparent on the face of the complaint. See *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915(d) [predecessor of §1915(e)(2)(B)] when it is apparent the statute of limitations has run."); see also *Winston v. Burl,* 596 Fed. Appx. 525, 525 (8th Cir. 2015) (unpublished) (affirming § 1915A preservice dismissal of claims barred by statute of limitations).

A three-year statute of limitations applies to Mr. Martin's claims against these Defendants. See *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) (the statute of limitations for a *Bivens* action is the forum state's statute of limitations for a personal injury claim, which in Arkansas is three years).

Mr. Martin's amended complaint alleges that Defendants Pruett, Medina, and Cissell violated his constitutional rights in September and October 2017. No other constitutional claims are raised against these Defendants in this case. This action was filed in July of 2022, nearly five years after the incidents involving Defendant Pruett, Medina, and Cissell. Therefore, Mr. Martin's claim against Defendants Pruett, Medina, and Cissell should be dismissed as time-barred.

D.   Defendants Curiel, Bass, and Abdullah[5]

Mr. Martin alleges that Defendants Curiel, Bass, and Abduallah violated his due process rights by failing to properly process or file his PREA complaint.

To prevail on a Fourteenth Amendment Due Process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Martin fails to allege that he was deprived of any constitutionally protected interest as a result of these Defendants' failure to properly process his PLREA complaint. Furthermore, it

---

[5] Mr. Martin's amended complaint references Regional Director Baltazar and Inmate Appeals Administrator Conners but does not identify these individuals as Defendants.

is well-settled that prisoners do not have a federally protected due process right to require prison officials to comply with internal rules or procedures. See *Phillips v. Norris*, *supra*, and *Jacoby v. PREA Coordinator*, 2017 WL 2962858, *4-5 (N.D. Ala. Apr. 4, 2017) (holding that an alleged failure to investigate the plaintiff's allegations of rape, combined with a failure to properly collect evidence and comply with PREA's requirements, were insufficient to state any constitutional violations).

In addition, the PREA does not create a private right of action. See *Aaron v. Kelly*, Case No. 5:19-CV-00089-BRW-JTR, 2019 WL 4458416 at *5 (E.D. Ark. Aug. 21, 2019), Report and Recommendation adopted by *Aaron v. Kelly*, Case No. 5:19-CV-00089-BRW-JTR, 2019 WL 4463297 (E.D. Ark. Sept. 17, 2019); *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3rd Cir. 2017) ("Bowens may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim."); *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (finding that PREA does not afford a private right of action); and *Green v. Martin*, 224 F. Supp. 3d 154, 171 (D. Conn. 2016). Rather, the PREA authorizes the federal government to provide grants to prisons and detention facilities that implement procedures designed to reduce the number of prison rapes. See 34 U.S.C. §§ 30301-30309.

Accordingly, Mr. Martin's due process claims based on the manner in which Defendants Curiel, Bass, and Abduallah handled his PREA complaint should be

dismissed for the failure to state a plausible constitutional claim for relief. It is unclear whether Mr. Martin intended to bring a supplemental state law claim against these Defendants. However, the Court should decline to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Martin's claims against Defendants Pruett, Medina, and Cissell be dismissed as time-barred.

2. Mr. Martin's claims against Defendants Curiel, Bass, and Abduallah be dismissed based on his failure to state a plausible constitutional claim for relief and the Court decline to exercise supplemental jurisdiction over any state law claims.

3. The Court certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be instructed to close this case.

Dated this 30th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE